UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

WILLIAM R. GEORGE,                    )
                                      )
                   Plaintiff          )
v.                                    )          2:19-cv-00569-GZS
                                      )
YORK COUNTY JAIL, et al.,             )
                                      )
                   Defendants         )

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

In this action, Plaintiff, an inmate at the Maine Correctional Center, seeks to recover

damages allegedly resulting from a fall he sustained while he was detained in the York

County Jail. (Complaint, ECF No. 1.) Defendants consist of York County,[1] Sheriff William

King, and another officer (Officer Cummers) of the York County jail.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which

application the Court granted. (ECF No. 3.)   In accordance with the in forma pauperis

statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or …

as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] Although Plaintiff named the York County Jail as a defendant, the jail is not a proper party to this action. The
Court, however, can reasonably construe Plaintiff's allegations as attempting to assert a claim against York
County. *See Collins v. Kennebec County Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st

Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

2

Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND[2]

Plaintiff alleges that on July 10, 2017, Defendant Cummers directed another inmate of the jail to "perform [some] cleaning tasks." (Complaint ¶ 7.) According to Plaintiff, the inmate had not been trained in the proper cleaning procedures. (*Id*. ¶ 11.) After applying a

---

[2] The facts are derived from Plaintiff's complaint. Plaintiff's allegations are deemed true for purposes of this recommended decision. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

large amount of "soapy water on [a] high traffic floor," the inmate "did not place a wet floor sign in or near the wet area." (*Id*. ¶ 12.)  While supervising the inmate, Defendant Cummers did not direct the inmate to place a wet floor sign in the area. (*Id*. ¶ 13.)  On the same day, Plaintiff fell and was injured when he walked on the wet floor. (*Id*. ¶¶ 14, 15.)

### DISCUSSION

Plaintiff alleges that Defendant Cummers acted with deliberate indifference to Plaintiff's safety when he directed the inmate to clean the area without proper training and without placing a warning sign in the area.  Plaintiff seeks to recover under 42 U.S.C. § 1983.

A claim of constitutional harm caused by state actors, as Plaintiff has alleged in this case, is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ….

42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a

denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Giroux v. Somerset County,* 178 F.3d 28, 31 (1st Cir.1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* (citations and internal quotation marks omitted).

To raise a genuine issue of constitutional liability, a plaintiff must demonstrate both that he/she was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, Plaintiff might have asserted sufficient facts to support a state law negligence claim, but he has not asserted an actionable claim for deliberate indifference. That is,

Plaintiff has not alleged facts that would support a finding that the condition of the floor presented a substantial risk of serious harm to Plaintiff or that Defendant Cummers knew it presented a substantial risk of serious harm and failed to take reasonable measures to address the condition. Because Plaintiff has failed to allege an actionable claim against Defendant Cummers, to the extent Plaintiff seeks to assert a supervisory claim against York County and Defendant King, that claim also fails. *See Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 504 (1st Cir. 2011) "An underlying constitutional tort is required to proceed under a municipal liability theory. Where, as here, there is no constitutional violation by the employees of the municipality, there can be no liability predicated on municipal policy or custom."); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 n.9 (1st Cir. 2009) ("Because we find there to be no underlying constitutional violation …, the claims of supervisory liability … must fail.").

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of January, 2020.